[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION AS TO FIRST COUNT
 STATEMENT OF THE CASE CT Page 7740
The parties are at odds over the validity of action taken on May 17, 1999 by the Hamden Legislative Council. At a duly called meeting on that date, the Council adopted a budget to cover the period July 1, 1999 — June 30, 2000.
The defendant asserts that this action is invalid and the budget void because the Council violated Section 18-3 of the Hamden Charter. In pertinent part that section reads:
 ". . . . .the Council shall adopt a budget not later than forty-five (45) days before the end of the fiscal year . . ."
 The plaintiff argues that the action was taken 45 days before June 30, 1999, the end
of the fiscal year.
The defendant claims June 30 should not be included in the computation of the elapsed days, thereby having the action of the Council occur 44 days before the end of the fiscal year.
 DISCUSSION I
Defendant argues that June 29 is one day before the end of the fiscal year on June 30. Then, she urges, if June 29 is one day before the end of the fiscal year, May 31 is 30 days before, and May 16 is 45 days before the end of the fiscal year. Thus, the action taken on May 17 would be invalid.
The fallacy to this approach is that though June 29 is one day before the end of the fiscal year, on June 29 there are 2 days left before the fiscal year ends: June 29 and June 30.
Thus, there were actually 30 days left in the 1999 fiscal year in June, and on May 17, including the 17th, there were 15 additional days left in that fiscal year.
The defendant's use of the "day before the end of fiscal year" sequences is misleading — what she actually means is: June 29 is one day before the day on which the fiscal year ends, and ad continuum as to May 31 and May 16.
 II CT Page 7741
The court finds no merit to the defendant's argument that by allowing the May 17 adoption to stand, the court interferes with Section 18-4 of the charter. The 15 days available to the Mayor to approve, veto or accept the proposed budget is unaffected, as are subsequent charter sections.
Anthony V. DeMayo, Judge Trial Referee
Note: This decision was rendered from the bench on July 21, 1999. This decision is issued as to count one at request of counsel.